THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:14-CR-00088-FL

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JOHN WILLIAM LEWIS, )<br>)<br>Defendant. ) | **MEMORANDUM AND**<br>**RECOMMENDATION** |

This matter is before the court on two motions of Defendant John William Lewis ("Defendant"): (1) Motion to Compel Government to Elect Between Multiplicitous Counts [DE-47], and (2) Motion to Dismiss for Violation of Double Jeopardy Guarantee [DE-48]. The Government has responded to Defendant's motions [DE-50], and the motions are ripe for review. The motions are referred to the undersigned and considered here as a recommendation to the District Court. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b)(1). For the reasons set forth below, it is recommended that Defendant's motions be denied.

## I. BACKGROUND

On October 9, 2014, Defendant was named in a two-count indictment charging Defendant with (1) theft of firearms from a federally licensed firearms dealer and aiding and abetting, in violation of 18 U.S.C. §§ 922(u) and 2, (Count 1); and (2) possession of stolen firearms and aiding and abetting, in violation of 18 U.S.C. §§ 922(j) and 2, (Count 2). [DE-1]. Defendant's arraignment is presently set for the March 11, 2015 term of court in New Bern, North Carolina.

## II. DISCUSSION

A. **Motion to Compel Government to Elect Between Multiplicitous Counts [DE-47].**

Defendant contends that the indictment in this case is multiplicitous, or charges a single offense in multiple counts, with respect to the charges of theft of firearms from a federally licensed firearms dealer (Count 1) and possession of stolen firearms (Count 2). Defendant asserts that the multiplicitous indictment presents a risk that he will be subjected to "multiple punishments for the same offense" in violation of the Double Jeopardy Clause of the Fifth Amendment. Def.'s Mot. [DE-47] at 1. Defendant requests that the court require the Government to elect to proceed on only one count in the indictment. *Id.* at 7. The Government contends that the two counts in the indictment are not multiplicitous. Gov't's Resp. [DE-50] at 2-5. Alternatively, the Government contends that while the counts charged in the indictment may constitute a single offense, an election between counts is not required at this time. *Id.* at 5-6.

An indictment is multiplicitous if it charges a single offense in separate counts. *United States v. Colton*, 231 F.3d 890, 908 (4th Cir. 2000). "Inquiries concerning whether two charges are actually the 'same offense' usually involve . . . an indictment which has charged multiple *statutory offenses* premised on the same conduct." *United States v. Goodine*, 400 F.3d 202, 207 (4th Cir. 2005) (emphasis in the original). "The signal danger in multiplicitous indictments is that the defendant may be given multiple sentences for the same offense[.]" *United States v. Burns*, 990 F.2d 1426, 1438 (4th Cir. 1993) (citation omitted). "The rule against multiplicity is rooted in the Double Jeopardy Clause of the Fifth Amendment, which serves . . . the familiar function of prohibiting . . . 'the imposition of cumulative punishments for the same offense in a single criminal trial.'" *United States v. Shrader*, 675 F.3d 300, 313 (4th Cir. 2012) (quoting

2

*United States v. Ragins*, 840 F.2d 1184, 1187 (4th Cir. 1988)). The Supreme Court explained in the case of *Blockburger v. United States* that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." 284 U.S. 299, 304 (1932) (citing *Gavieres v. United States*, 220 U.S. 338, 342 (1911)); *see also United States v. Luskin*, 926 F.2d 372, 377 (4th Cir. 1991) (recognizing that offenses are not identical as long as each offense requires proof of an additional fact which the other offense does not).

The Court has "often concluded that two different statutes define the 'same offense,' typically because one is a lesser included offense of the other." *Rutledge v. United States*, 517 U.S. 292, 297 (1996). An offense is considered a lesser included offense of a greater offense when no proof beyond that required for conviction of the greater offense is required for the lesser offense, or more simply, by proving the greater offense the lesser offense has necessarily been proven. *See Brown v. Ohio*, 432 U.S. 161, 167 (1977) (holding that joyriding was a lesser included offense of automobile theft because it required no proof beyond that required for conviction of the greater offense of automobile theft). The charging of both the greater offense and a lesser included offense is recognized to constitute "'the same statutory offense'" for purposes of double jeopardy. *Id.* (citation omitted).

While mindful of the protections afforded by the Double Jeopardy Clause, the Fourth Circuit has emphasized that "prosecutors are permitted to carve up criminal conduct into multiple counts, even if some of the counts are lesser included offenses or constitutionally identical offenses." *Luskin*, 926 F.2d at 378 (recognizing the prosecutor is not forced "to gamble on obtaining the major conviction" and may obtain an indictment against a defendant on

3

multiple counts); *United States v. Locust*, 95 F. App'x 507, 517 (4th Cir. 2004) (unpublished). Furthermore, the Double Jeopardy Clause does not prevent a defendant from being "prosecuted simultaneously" for violating two statutes even though he ultimately could not be convicted and punished for both offenses. *Ball v. United States*, 470 U.S. 856, 859-61 (1985); *United States v. Gaddis*, 424 U.S. 544, 550 (1976) (concluding "there can be no impropriety . . . for a prosecutor to file an information containing counts charging violations of" several different provisions of the federal bank robbery statute, even though the defendant could not in the end stand convicted of both offenses).

Given the foregoing, if a multiplicitous indictment arises, the question for the court becomes one of remedy. The district court may address the issue when raised in a pre-trial motion by a defendant; however, it is within the court's discretion to decline to impose a pre-trial remedy given that the risk of a multiplicitous indictment is multiple convictions and not simultaneous prosecution. *See United States v. Johnson*, 130 F.3d 1420, 1426 (10th Cir. 1997) ("A decision of whether to require the prosecution to elect between multiplicitous counts before trial is within the discretion of the trial court."); *Ball*, 470 U.S. at 865 (remedying multiple convictions post-trial by only entering judgment on one count where it is impermissible for a defendant to be convicted on both counts); *Burns*, 990 F.2d at 1438 (recognizing that the risk of a multiplicitous indictment is multiple sentences, but that the court may properly address that risk, if multiple convictions in fact occur, in a post-trial remedy which vacates a conviction). A post-trial remedy by the court, such as vacating or merging the convictions, adequately addresses any multiplicitous issue and preserves the freedom of prosecutors to seek multiplicitous indictments when instituting prosecutions. *See Ball*, 470 U.S. at 865; *Gaddis*, 424 U.S. at 550. Additionally, as a case matures, any multiplicity issue may become moot for reasons apart from

4

a court-imposed remedy such as a jury verdict convicting defendant of only one count. *Johnson*, 130 F.3d at 1425.

Here, assuming without deciding that the two-count indictment charging violations of section 922(u) for theft of firearms and section 922(j) for possession of stolen firearms is multiplicitous, the relief sought by Defendant is not warranted. Allowing the Government to proceed to trial on multiplicitous counts does not violate the Double Jeopardy Clause because "[e]rror only stems from multiplicity when a defendant is *punished* for multiple convictions on the same offense . . . ." *United States v. Lawing*, 703 F.3d 229, 236 n.7 (4th Cir. 2012) (emphasis added). Further, there are several persuasive reasons for the court to address the issue post-trial rather than compelling the Government to elect to pursue only one count going forward.

First, there are numerous scenarios that could develop as this case proceeds leaving any potential multiplicity issue moot. For instance, the Government may decide ultimately not to pursue one of the charges in the indictment or a jury may find Defendant guilty of only one charge. Additionally, the post-trial remedies available to alleviate potential multiplicity concerns and the latitude afforded the Government to prosecute multiple charges counsel against forcing the Government to elect to proceed on only one charge. *See United States v. Deloach*, 208 F.3d 210, 2000 WL 274972, at *1 (4th Cir. Mar. 14, 2000) (finding no abuse of discretion in denying pretrial motion requiring the Government to elect between certain multiplicitous counts) (citing *Johnson*, 130 F.3d at 1426). The district court's freedom to fashion a post-trial remedy at a later date, such as merging or vacating multiplicitous convictions, nullifies any risk that Defendant will receive multiple sentences for the same offense. Further, the Government should not be prejudiced in the prosecution of its case and Defendant has failed to suggest any potential

5

prejudice to him from allowing the Government to proceed under both counts. *See id.* (rejecting argument that defendant was "harmed by the improper suggestion to the jury that he had committed seven crimes"). Finally, given the same circumstances—an allegedly multiplicitous indictment charging theft of firearms from a federally licensed firearms dealer in violation of 18 U.S.C. § 922(u) and possession of stolen firearms in violation of 18 U.S.C. § 922(j)—this court previously declined to either dismiss the possession count or alternatively to compel the Government to proceed on only one count. *See United States v. Devane*, No. 5:12-CR-368-FL (E.D.N.C. May 14, 2013) (denying motion to dismiss or in the alternative motion to elect based on multiplicitous indictment). Accordingly, it is recommended that Defendant's motion to compel the Government to elect to proceed on only one count of the indictment be denied.

## B. Motion to Dismiss for Violation of Double Jeopardy [DE-48].

Defendant contends the indictment in this case violated the Double Jeopardy Clause because he has previously been prosecuted and punished for the same conduct in state court. Def.'s Mot. [DE-48] at 1-2. Specifically, Defendant asserts the following facts:

> On March 11, 2014, in Robeson County Superior Court, Mr. Lewis entered a plea of guilty to one count of breaking and entering, in violation of N.C. Gen. Stat. § 14-45(a), one count of felony larceny, in violation of N.C. Gen. Stat. § 14-72(A), and one count of conspiracy to commit breaking and entering of a building and felony larceny, in violation of N.C. Gen. Stat. § 14-54(a). These charges arose from a breaking and entering and larceny in Robeson County occurring on or about March 28, 2013.
>
> The Robeson County Superior Court sentenced Mr. Lewis to an active term of imprisonment of six to seventeen months in connection with that incident. He then served his time.

6

*Id.* ¶¶ 1-2. Defendant argues that the instant federal prosecution seeks to punish him for the same acts for which he has already been prosecuted by the state and served time, thus violating the Double Jeopardy Clause. *Id.* ¶ 4. Defendant's argument is foreclosed by well-settled law.

"[T]he Supreme Court has continually held that federal and state crimes are not the same offense, no matter how identical the conduct they proscribe." *United States v. Alvarado*, 440 F.3d 191, 196 (4th Cir. 2006) (citing *Heath v. Alabama*, 474 U.S. 82, 88-89 (1985); *Abbate v. United States*, 359 U.S. 187, 194-96 (1959); *United States v. Lanza*, 260 U.S. 377, 382 (1922); *Moore v. Illinois*, 55 U.S. (14 How.) 13, 19-20 (1852)). "'[A]n act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each.'" *Id.* (quoting *Lanza*, 260 U.S. at 382). Defendant concedes as much and states that he submitted the motion "to preserve this issue for subsequent litigation." Def.'s Mot. [DE-48] ¶ 5. Under the law as it presently stands, Defendant's prosecution by both North Carolina and the United States for the same conduct does not violate the Double Jeopardy Clause. *See United States v. Melton*, 496 F. App'x 297, 298 (4th Cir. 2012) (unpublished) (concluding "parallel prosecution in state court for the conduct supporting [defendant's] federal conviction does not raise double jeopardy concerns.") (citing *Alvarado*, 440 F.3d at 196-97). Accordingly, it is recommended that Defendant's motion to dismiss be denied.

### III. CONCLUSION

For the reasons set forth above, it is RECOMMENDED that Defendant's Motion to Compel Government to Elect Between Multiplicitous Counts [DE-47] and Motion to Dismiss for Violation of Double Jeopardy Guarantee [DE-48] be DENIED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written

objections shall bar a party from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SO SUBMITTED, this the 2 day of March 2015.

　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　Robert B. Jones, Jr.
　　　　　　　　　　　　　　　　United States Magistrate Judge