IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:14-CR-88-FL-3

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JOHN WILLIAM LEWIS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motions to compel the government to elect between multiplicitous counts and to dismiss for violation of double jeopardy guarantee. (DE 47, 48). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59, this matter was referred to United States Magistrate Judge Robert B. Jones, Jr., for memorandum and recommendation ("M&R"), wherein it is recommended that defendant's motions be denied. Defendant timely filed objections and the government's time for response has passed. In this posture, the issues raised are ripe for ruling. For the reasons stated more specifically below, the court adopts the M&R and denies defendant's motions.

### BACKGROUND

On October 7, 2014, defendant was named in a two-count indictment charging defendant with (1) theft of firearms from a federally-licensed firearms dealer and aiding and abetting, in violation of 18 U.S.C. § 922(u) ("Count 1"), and (2) possession of stolen firearms and aiding and abetting, in violation of 18 U.S.C. § 922(j) ("Count 2").

On February 2, 2015, defendant filed two motions. The first seeks an order compelling the

government elect between Count 1 and Count 2, arguing that Count 2 is a lesser-included offense of Count 1 and that punishment for both Counts would violate the double jeopardy guarantee ("Motion for Election"). The second motion seeks dismissal of the indictment, arguing it violates the double jeopardy guarantee, where defendant previously had been convicted in North Carolina's court system for the same allegedly criminal acts at issue here ("Motion to Dismiss").

These motions both were referred to a United States Magistrate Judge on February 23, 2015, for M&R. M&R was entered on March 2, 2015. Therein, it is recommended the court deny defendant's Motion for Election because defendant is not in danger of being punished for both crimes, where this court could fashion an appropriate remedy post-trial. It is further recommended that this court deny defendant's Motion to Dismiss under the "separate sovereigns" doctrine. Defendant's objections followed.

## DISCUSSION

A.      Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B. Motion to Compel Election

Defendant argues the indictment is multiplicitous because, he asserts, a conviction on both counts would result in a violation of the prohibition on double jeopardy. As a result, defendant requests the government be compelled to elect between the two offenses prior to trial.

"Multiplicity involves charging a single offense in more than one count in an indictment." United States v. Colton, 231 F.3d 890, 908 (4th Cir. 2000) (internal quotations and citations omitted). The multiplicity doctrine "finds its roots in the Fifth Amendment's [double jeopardy] clause, which 'assur[es] that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense.'" Id. (quoting Brown v. Ohio, 432 U.S. 161, 165 (1977)) (second alteration in original).

Nevertheless, a multiplicitous indictment is not a *per se* violation of the prohibition against double jeopardy. See id. at 909 ("This does not mean, however, that the multiplicitous indictment placed [defendant] in double jeopardy."). Rather, "the principal danger created by multiplicity is that a defendant will receive multiple punishments for a single offense." Id. at 910. Moreover, although a multiplicitous indictment gives the jury multiple opportunities to convict a defendant, the defendant suffers no prejudice where "the same evidence [is] offered to prove all" counts. Id.

Defendant is not entitled, at this stage, to have the government elect between the two Counts charged in the indictment. Even assuming *arguendo* that punishment for both charged crimes violates the double jeopardy guarantee, there is no present danger "defendant will receive multiple punishments for a single offense," where the court can fashion a post-trial remedy. Id. In addition, because the government's recitation of the facts suggests the same evidence could support both convictions, defendant will suffer no prejudice if both counts are presented at trial. Accordingly,

3

because the double jeopardy clause "does not force the prosecutor to gamble on obtaining the major conviction," United States v. Luskin, 926 F.2d 372, 378 (4th Cir. 1991), defendant's motion is denied.

Defendant argues that presentation of a two-count indictment to the jury creates a risk of bias and "may prejudice the jury against [him] by creating the impression of more criminal activity on his part than in fact may have been present." United States v. Marquardt, 786 F.2d 771, 778 (7th Cir. 1986). Defendant's argument is unpersuasive. In Marquardt, the Seventh Circuit Court of Appeals identifies as the chief consideration in multiplicity analysis prejudice to defendant from the presentation of a multiplicitous indictment to the jury, and cites other circuits espousing similar rationales. Id.; see also United States v. Gullett, 713 F.2d 1203, 1211-12 (6th Cir. 1983); United States v. Carter, 576 F.2d 1061, 1064 (3d Cir. 1978). However, as noted previously, the Fourth Circuit has held the chief consideration in multiplicity analysis is whether "a defendant will receive multiple *punishments* for a single offense." Colton, 231 F.3d at 910 (emphasis added). As noted, in the instant case, the specter of multiple punishments can be remedied post-trial.

C.   Motion to Dismiss

Defendant next moves to dismiss the indictment as a violation of the double jeopardy guarantee. Specifically, defendant argues he has been convicted of crimes predicated on the same underlying acts at issue here in North Carolina's court system.

Both the United States and the state of North Carolina may punish defendant for identical acts. "[A]n act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each." United States v. Lanza, 260 U.S. 377, 382 (1922). Accordingly, defendant's motion is denied.

4

## CONCLUSION

Based on the foregoing, upon *de novo* review of the portions of the M&R to which specific objections were raised, and upon considered review of the remainder, the court ADOPTS the M&R as its own. Defendant's Motion for Election is DENIED without prejudice. (DE 47). Defendant's Motion to Dismiss is DENIED. (DE 48).

SO ORDERED, this the 3rd day of April, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge